# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| SYED AHMED JAMAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:18-06015-CV-RK |
| | ) | |
| JEFFERSON B. SESSIONS, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING RESPONDENTS' MOTION TO DISMISS AND GRANTING PETITIONER'S AMENDED AND SUPPLEMENTED PETITION FOR WRIT OF HABEAS CORPUS

Now before the Court is Petitioner's Amended and Supplemented Petition for Writ of Habeas Corpus ("Amended Petition") (doc. 14) and Federal Government Respondents' ("Respondents") Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. 2).[1]  With respect to Respondents' motion to dismiss, Petitioner filed a response (doc. 11), Respondents filed a reply (doc. 15), and Petitioner filed a surreply (doc. 18).  Additionally, the Court held a hearing and heard oral argument on Respondents' motion.  (Doc. 19.)  At the request of Petitioner, the Court also heard oral arguments on March 20, 2018, regarding the merits of Petitioner's habeas claim which had been addressed in briefing on Respondents' motion to dismiss.

At the hearing, the Court found that it lacked authority to examine the decision made by Immigration and Customs Enforcement ("ICE") to issue a final order of removal to Petitioner, and likewise, the Court found that it lacked authority to examine ICE's decision to execute Petitioner's order of removal at the present time.  However, the Court determined it had jurisdiction over Petitioner's habeas request to be released from current, temporary detention at the Platte County Jail pending his removal or other decision by the Board of Immigration Appeals.  At the hearing, the Court **GRANTED** Petitioner's Amended Petition (doc. 14) in

---

[1] After Respondents filed their motion to dismiss (doc. 2), Petitioner requested leave to file an amended and supplemented petition (doc. 9).  In response to Petitioner's request for leave (doc. 12), Respondents noted they advanced no objection to the request for leave but asked that their previous motion to dismiss (doc. 2) be deemed to have been directed toward Petitioner's amended and supplemented petition.  The Court granted Petitioner leave to file an amended and supplemented petition and granted Respondents' request that their motion to dismiss be deemed to have been directed toward the amended and supplemented petition.  (Doc. 13.)

accordance with its **ORDER** that Respondents release Petitioner from custody immediately. Additionally, the Court **ORDERED** that upon release, Petitioner's conditions of his order of supervision, which were in effect before his detention, be reinstated immediately. The Court now documents its oral holdings in this written Order.

## Jurisdiction

Petitioner brings this habeas corpus action under 28 U.S.C. § 2241 seeking a determination regarding the constitutionality of his current detention while his immigration appeal is ongoing. (*See* Amended Petition (doc. 14)) ("This Petition is *not* about whether Mr. Jamal should be removed from the United States and returned to Bangladesh. Nor is it about whether the Board of Immigration Appeals should or should not continue the stay of his removal while it reviews his case. This Petition is *only* about whether Mr. Jamal should be detained while his immigration appeal is ongoing.") (emphasis in original). In *Zadvydas v. Davis*, the United States Supreme Court acknowledged that "the primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear [cases in which petitioners claim they are being held in custody in violation of the Constitution or laws of the United States.]". 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)). Therefore, this Court has jurisdiction to review the constitutionality of Petitioner's detention. To the extent Petitioner is seeking review of the ICE's decision to issue a final order of removal or execute Petitioner's order of removal at the present time, the Court lacks jurisdiction to address those concerns.

## Discussion

Petitioner seeks release from custody, arguing that his continued detention is unlawful. To begin, the Court first analyzes which statutory provisions govern Petitioner's detention. Civil detention of aliens is generally grouped into two categories: pre-removal-order detention during the administrative process and post-removal-order detention after a final order of removal has been issued. Pre-removal-order detention is governed by 8 U.S.C. § 1226, and post-removal-order detention is governed by 8 U.S.C. § 1231.

Here, the Court concludes that Petitioner's detention is post-removal-order detention, and therefore, governed by section 1231. In making that conclusion, the Court finds that Petitioner was subject to an order of removal which became final on or about February 24, 2012, per section 1231(a)(1)(B)(i) - the date the order of removal became administratively final. Although Petitioner's order of removal is currently under an administrative stay by the Board of

2

Immigration Appeals, section 1231(a)(1)(B)(ii) is not triggered. Because, here, Petitioner's case is not being judicially reviewed and is not subject to a court-ordered stay, but rather is subject to an administrative stay on collateral appeal, the Court declines to find that Petitioner's "removal period" has not started under section 1231(a)(1)(B)(ii).

With regard to post-removal-order detention, as a general rule, "when an alien is ordered removed, [ICE] shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This 90 days is generally known as the "removal period." The statue further provides, "[d]uring the removal period, [the federal government] shall detain the alien[,]" and that an alien subject to an order of removal "may be detained beyond the removal period." 8 U.S.C. §§ 1231(a)(2), (a)(6). By its plain language, the extended detention provision contains no time constraints. However, the United States Supreme Court has recognized that the federal government's ability to detain an alien pursuant to section 1231 is not unlimited. *Zadvydas*, 533 U.S. 678.

In *Zadvydas*, the Supreme Court – consistent with the protections afforded by the Due Process Clause of the United States Constitution – interpreted section 1231(a)(6) to authorize the continuing detention of aliens who were subject to removal only as long as "reasonably necessary" to effectuate their removal. *Id*. at 689. As mentioned above, Petitioner's order of removal became final on or about February 24, 2012. Therefore, Petitioner's removal period of 90 days expired on or about May 24, 2012. Subsequently, Petitioner was detained by ICE for approximately 57 days from on or about September 11, 2012 until November 6, 2012; and again for approximately 56 days from on or about January 24, 2018 until March 20, 2018 – for a total detention through March 20, 2018 of approximately 113 days.

Although the Court in *Zadvydas* stated that it is presumptively reasonable for the government to detain an alien for six months or less, 533 U.S. at 701, Petitioner in this action has rebutted that presumption. In *Zadvydas*, the Court instructed a habeas court how to determine whether a set of particular circumstances amounts to detention within, or beyond, a period reasonable necessary to secure removal. 533 U.S. at 700. The Court instructed, "if a removal is reasonably foreseeable, the habeas court should consider the alien's[:]" disciplinary record, criminal record, mental health reports, evidence of rehabilitation, history of flight, prior immigration history, family ties, whether the alien is likely to be violent, pose a threat to the community, flee if released, or violate conditions of release. *Id*.

This Court recognizes that the Eighth Circuit in *Jama v. Ashcroft*, 362 F.3d 1117 (2004), cited a portion of *Zadvydas* as a basis for reversing the district court's judgment which released a petitioner under 28 U.S.C. § 2241 because it found the district court erred in concluding the petitioner in that case had no significant likelihood of removal in the reasonably foreseeable future. However, this Court finds that the Supreme Court in *Zadvydas*, held that an alien can be detained only for a period reasonably necessary to secure removal and specifically instructs that "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal" noting that the habeas court "should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal." 533 U.S. at 699. The Supreme Court did not limit this evaluation to circumstances where a removal is not reasonably foreseeable, but instead specifically instructs habeas courts how to review reasonableness when a removal is reasonably foreseeable – "*And if removal is reasonably foreseeable*, the habeas court should consider" factors that address safety to the community and assuring the alien's presence at the time of removal. 533 U.S. at 700 (emphasis added).

Here this Court, unlike the district court in *Jama*, is not finding that there is no significant likelihood of removal in the reasonably foreseeable future, but rather is following the Supreme Court's instructions on how to determine whether Petitioner Jamal's detention is reasonably necessary to secure his removal when his removal is reasonably foreseeable.

Before the Court is ample evidence, in the uncontested pleadings and the government's oral concessions during the Court's hearing, for the Court to weigh these *Zadvydas*' factors in favor of releasing Petitioner from detention pending removal even in light of the fact that his removal is reasonably foreseeable. Most notable, is the fact that Petitioner was released on an Order of Supervision in 2012 and has for the past 6 years adhered regularly to the conditions placed upon him. Additionally, Petitioner has no criminal history, and certainly no criminal history that would suggest he poses any danger to the community. Finally, the Court has reviewed documents of record showing the Petitioner has strong family ties, as well as, community ties which reduce his risk of flight. Specifically, Petitioner's wife and three children all reside in the local area. In addition, there are three letters of record detailing Petitioner's positive and continued involvement in his community. Thus, Court finds that the Petitioner's

current detention is not reasonably necessary to secure his removal by weighing the factors that *Zadvydas* instructs should be weighed when a removal is reasonably foreseeable.

## Conclusion

As provided in the Court's oral directive during the hearing on March 20, 2018, Respondents' motion to dismiss (doc. 2) is **DENIED**, and Petitioner's Amended Petition (doc. 14) is **GRANTED** as follows:

    a. Respondents are **ORDERED** to release petitioner from custody immediately.

    b. Upon release, Petitioner's conditions of his order of supervision which were in effect before his detention are reinstated immediately.

**IT IS SO ORDERED.**

                                        s/ Roseann A. Ketchmark
                                        ROSEANN A. KETCHMARK, JUDGE
                                        UNITED STATES DISTRICT COURT

DATED: March 22, 2018